✓ FILED ___ LODGED
___ RECEIVED ___ COPY

OCT 19 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY dcl DEPUTY

Bridgette Shores
P.O. BOX 26991-26991
TempeAZ 85285
(480) 250-6909

# IN UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Bridgette Shores,

Plaintiff,

v.

JFCS - Jewish Family & Children Services / 4747 NORTH 7th STREET / STE 100 / PHOENIX, AZ 85014,

Defendant(s).

CASE NUMBER: CV-26-7615-PHX-SHD

**COMPLAINT**

## Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331. This employment discrimination lawsuit is based on.

1. Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 'a7'a7 621, et. seq., for employment discrimination on the basis of age (age 40 or older).

The plaintiff is a resident of Tempe, Maricopa County, AZ and a citizen of the United States. The defendant, JFCS - Jewish Family & Children Services / 4747 NORTH 7th STREET / STE 100 / PHOENIX, AZ 85014, is a resident of Phoenix , AZ and a citizen of the United States. The cause of action arose in the Phoenix division.

## Employment Discrimination Complaint

The conduct complained of in this lawsuit involved the following:

Terms and conditions of employment differ from those of similar employees; Other¿Age Discrimination

The conduct(s) above is referred to in the charge of discrimination. I believe I was discriminated against because of my:

Age

The reason(s) above is referred to in the charge of discrimination. The discriminatory conduct occurred at: Sojourner Center / 2224 EAST FILLMORE / PHOENIX ARIZONA 85006-3815, Phoenix , AZ 85006-

3815 on July 05, 2026 / 8:30 AM. Plaintiff (Bridgette Shores) was hired by the Defendant (JFCS) on March 16, 2026, as a professional Case Manager. According to the March 16, 2026, official job description, the core duties of this Case Manager role were strictly administrative and office –based and desk duties: searching for housing and employment services and using designated community resource referrals to help shelter residents become self-sufficient. The Defendant is known as (JFCS) Jewish Family & Children Services. The Defendant is known as the JFCS for any JFCS staff. (2) The Plaintiff was the oldest employee working in this position at the Phoenix shelter location. Despite the professional job description - from March 26, 2026, through July 05, 2026. The Defendant systematically altered the Plaintiff duties to heavy, grueling, and hazardous janitorial task, causing the Plaintiff's actual Case Manager duties to suffer severely. (3) Those forced tasks on the Plaintiff meant: taking out heavy industrial-sized trash bags to the dumpster, sweeping and mopping dorm rooms, sweeping and mopping laundry rooms, sweeping and mopping the clubhouse, sanitizing and wiping down tables, rolling heavy, industrial size yellow mop buckets filled with water. The Program Manager ordered the Plaintiff. The Plaintiff was given three physical labor tasks to do in 15 minutes: there were four younger employees that were present. The younger employees were sitting and talking about non-work related amongst themselves. The Plaintiff was the oldest worker given three task to complete in 15 minutes which included: going to the resource closet alone to look for adult diapers for a shelter participant, secondly - the Plaintiff was ordered to do another task and to go open the game room alone to give access to one of the shelter participants. When the Plaintiff returned to the support desk, the Plaintiff mentioned to the Program Manager of needing to go use the rest room. Before the Plaintiff could leave for a much-needed environmental break the Program Managers tasked the Plaintiff with a 3rd task to go get the mop and bucket to cleanup liquid spills for one of the shelter participants that accidently spilled their beverages on the floor in the clubhouse during lunch hour. It was the shelter participant and the shelter participant 's three young children that spilled their beverages during lunch hour. When the Plaintiff, the oldest worker - was given this 3rd task, there were four younger working inside the support desk area just casually sitting down and casually talking about the weekend and what plans they have amongst themselves. The second time – the Plaintiff reminded the Program Manager – that the Plaintiff needs to use the restroom. The Plaintiff had no choice – the Plaintiff had to hurry and leave for the restroom. If the Plaintiff kept going to the 3rd work task – the Plaintiff would have urinated on self. (4) To account for every minute of the 11-hour shifts and create an accurate record of these activities, the Plaintiff typed detailed staffing documentation notes. However, the Program Manager intentionally altered and deleted these notes to destroy the proof of the heavy daily janitorial task performed. The Program Manager repeatedly told the Plaintiff the oldest worker "You document too much. It is not necessary to document every -single thing you do," mockingly adding, "typing a little bit says a lot." and ordering the oldest

worker the Plaintiff to "just check the box above that says room clean." (5) On multiple occasions when forced to deep clean dorm rooms, the Plaintiff, the oldest worker - was strictly timed by the Program manager and ordered to finish in less than an hour. Having to rush to wipe down walls and doors, mop bathroom floors and showers, strip dirty linens, place dirty linens on a rolled cart to the storage room. Then remake single beds and bunk beds. Bunk beds had upper and lower decks. The Plaintiff, the oldest worker, had to climb up a bunk bed ladder to reach the top of the bunk beds to remove soiled linens and place clean linens on the lower and upper deck of bunk beds. Prior to placing clean linen on the beds, the heavy-duty plastic mattresses had to be wiped and sanitized. The constant daily physical labor from March 26, 2026, to July 05, 2026, caused extreme, undue physical labor on the Plaintiff. The Program Manager openly acknowledged the Plaintiff as the oldest worker and said to the Plaintiff - "it does take a long time to clean a room," yet the Program Manager intentionally imposed these grueling time constraints on the Plaintiff as the oldest worker. (6) During the Plaintiff's probationary period (March 26, 2026, to the end of June 2026) 5 employees resigned from JFCS and 1 employee went on medical leave. The Defendant forced the Plaintiff – the oldest worker – to perform the workloads of six staff members simultaneously, entirely alone. (7) The Defendant known as the Program Manager – The Defendant known as the Program Manager's supervisor – The Defendant known as the Transitional Housing Manager - routinely abandoned the Plaintiff as the oldest worker at night. This happened routinely to the Plaintiff as the oldest worker and after the Plaintiff worked grueling 11-hour shifts. The Defendants mentioned – left the Plaintiff the oldest worker to manage approximately 62 adults and approximately 90 children alone at night at the shelter. (8) Only July 2, July 3, July 4, 2026, the Program Manager repeatedly texted the Plaintiff the oldest worker - on their scheduled days of rest requesting the Plaintiff come to work. The Plaintiff politely declined. During these days, multiple younger workers were present at the worksite on July 2, July 3, July 4, 2026, but were not subjected to the same aggressive demands. Prior to July 5, 2026, the cumulative physical demands forced upon the Plaintiff resulted in working a grueling 101 hours within a single two-week pay period. (9) The Plaintiff, the oldest worker, returned to work July 5, 2026. On this day, at least five younger workers were present at the worksite on July 5th. The Program Manager bypasses all five younger workers and explicitly ordered the Plaintiff – the oldest worker to deep clean a room known to be heavily contaminated with scabies, completely denying the Plaintiff any Personal Protective Equipment (PPE). (10) As part of these punitive cleaning assignments, the Plaintiff, the oldest worker, was ordered to lift and move a heavy dresser weighing approximately 70 to 75 pounds and two bunk beds weighing approximately 125 pounds each entirely alone. While executing this forced heavy lifting under extreme time constraints and without assistance, the Plaintiff, the older worker, heard a loud "pop" in their back, resulting in a severe, major, and disabling workplace spinal injury. (11) The Plaintiff, the oldest worker, filed an official Charge of Discrimination with the EEOC on August 21, 2026, and received a

Notice of Right to Sue on September 16, 2026. This lawsuit is being timely filed withing the required 90-day window.

## Demand

The Plaintiff requests back pay, compensatory damages, for emotional distress and liquidated damages for a willful violation of the ADEA, in an amount to be determined at trail. **I am also seeking the following amount in monetary compensation: $300,000.00 .** The Plaintiff wants a trial by jury.

## Administrative Procedure

I have filed a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency on 08/21/2026. I have received a Notice of Right to Sue Letter.

Date: 10·19·2026

Bridgette Shores

Bridgette Shores
P.O. BOX 26991-26991
Tempe, AZ 85285
(480) 250-6909

EEOC No. 540-2026-06552 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
| --- | --- |
| EEOC | 540-2026-06552 |
| Arizona Attorney General's Office, Civil Rights Division | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Ms. Bridgette J. Shores

Phone No.: (480) 825-8694
Year of Birth: 1961
Mailing Address: P.O. Box 26991
TEMPE, AZ 85285

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Jewish Family & Children Services
No. Employees, Members: 15 - 100 Employees
Phone No.: (602) 279-7655
Mailing Address: Sojourner Center 2224 E Fillmore Street
PHOENIX, AZ 85006, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Age

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 07/02/2026
Latest: 07/05/2026

THE PARTICULARS ARE:

I was hired by the above Respondent as a Case Manager on March 16, 2026.

From July 2-4, 2026, I was called on my day off to work extra hours. On July 5, 2026, I was directed by Manager Jacqueline Lopez to clean a room that was contaminated with an infectious disease. Lopez also directed me to clean an infested mattress, move a 75-pound dresser and bunk beds; however, it appeared younger employees were not asked to complete such tasks. Such duties are not within the scope of my case manager's responsibilities.

I believe I was discriminated against because of my age, 65, in violation of the Age Discrimination in Employment Act of 1967, as amended.

EEOC No. 540-2026-06552 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Ms. Bridgette J. Shores

08/21/2026

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Bridgette J. Shores

Notarized Signature of Charging Party

Subscribed and sworn to before me this date: October 19, 2026

Signature of Notary

Printed Name Yurithza Sanchez

Exp: August 17, 2030

YURITHZA SANCHEZ
Notary Public - State of Arizona
MARICOPA COUNTY
Commission # 697094
Expires August 17, 2030